IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. HENRY, | ) Case No.: |
| Plaintiff, | ) Judge _____ |
| v. | ) |
| MICHAELS STORES, INC., | ) |
| Defendant. | ) |

## MICHAELS STORES, INC.'S NOTICE OF REMOVAL

Now comes Michaels Stores, Inc. ("Michaels"), by and through its undersigned counsel, and hereby removes the above-captioned state court action, currently pending in the Court of Common Pleas, Lake County, Ohio, to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. In support of removal, Michaels states as follows:

### BACKGROUND

1. On April 30, 2012, William J. Henry ("Plaintiff") filed a putative class action complaint against Michaels in the Court of Common Pleas, Lake County, Ohio (Case No. 12-CV-001097), asserting causes of action for violation of the Ohio Consumer Sales Practice Act

(O.R.C. § 1345.01 *et seq.*), breach of contract, unjust enrichment, and fraud in connection with the advertisement and sale of framing products by Michaels.[1]

2. In his Complaint, Plaintiff asserted that the claims of the putative class did not exceed $5 million in damages because "Plaintiff, on behalf of himself and the class, hereby irrevocably enters into an irrevocable stipulation of remitter such that, regardless of whatever amount may be awarded to the class under the class claims . . . all but $5,000,000 of such amount shall be remitted." (Decl. of Matthew D. Barnes ("Barnes Decl."), Ex. A ("Compl.") ¶ 27.)

3. The Class Action Fairness Act ("CAFA") affords this Court original jurisdiction over a putative class action if the aggregated controversy exceeds $5 million, among other requirements. *See* 28 U.S.C. §§ 1332(d), 1453, 1711-1715. Plaintiff's precertification stipulation disclaiming all damages exceeding $5 million was an explicit attempt to circumvent this Court's jurisdiction under CAFA. (Compl. ¶ 26.)

4. On March 19, 2013, the United States Supreme Court issued its unanimous decision in *Standard Fire Ins. Co. v. Knowles*, No. 11-1450, 2013 WL 1104735 (U.S. Mar, 19, 2013) (attached to the Barnes Decl. as Ex. D), which held that a stipulation by a class-action plaintiff that the putative class will not seek damages exceeding $5 million does *not* prevent removal to federal court under CAFA. As such, Plaintiff's aforementioned disclaimer of damages does not prevent removal under CAFA.

5. All requirements for removal are present. Accordingly, as discussed in detail below, this Court has jurisdiction under CAFA, and this case is properly removable to the Northern District of Ohio.

---

[1] Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served on Michaels in the above-described action are attached hereto as Exhibits A through C of the Declaration of Matthew D. Barnes, which is attached to this Notice of Removal as Exhibit 1.

## BASIS FOR REMOVAL

6. The above-described action is a civil action over which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1446(b). Under 28 U.S.C § 1441(a), a defendant may remove to federal district court "any civil action brought in State court of which the district courts of the United States have original jurisdiction." Pursuant to CAFA, federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendants, and (3) the aggregated controversy exceeds $5 million, exclusive of costs and interest. *See id.* §§ 1332(d)(2), (d)(5)-(6). These three requirements, along with the other necessary prerequisites for removal, are established below.

7. **Class Size.** CAFA's first requirement, that the proposed class contain at least 100 members, *id.* § 1332(d)(5), is met here. Plaintiff's Complaint alleges this action is on behalf of all Ohio residents who "purchased framing products and/or services from Defendants within the last 15 years during a week where Defendant was advertising a discount for framing products and/or services." (Compl. ¶ 17.) Between 2008 and 2011, thousands of individuals per year purchased custom frames and/or custom framing services at Michaels Stores in Ohio in transactions in which the price of those products and/or services was discounted. (Decl. of Shana Moran ("Moran Decl.") ¶ 8.)[2] These thousands of purchasers included at least 100 Ohio residents. (*Id.*) *See also, e.g., Gascho v. Global Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 688 (S.D. Ohio 2012) (noting that "one can reasonably assume that the class consists of more than 100 persons" when the complaint defines the class as all persons to whom the defendant

---

[2] The Declaration of Shana Moran is attached to this Notice of Removal as Exhibit 2.

3

sold contracts or services within a five year period and the defendant operated various locations throughout Ohio).

8. Accordingly, the proposed class is well in excess of 100 members, as required by 28 U.S.C. § 1332.

9. **Minimal Diversity of Citizenship**. CAFA's second requirement, that any one member of the proposed class be a citizen of a state different from any defendant, is also met here. *Id.* § 1332(d)(2). Plaintiff has alleged he is a resident of Ohio and that the putative class is brought only on behalf of "Ohio residents similarly situated." (Compl. ¶¶ 1, 17.) As such, Michaels is informed and believes that at all relevant times, including the time of filing this action, Plaintiff and/or at least one member of the putative class are residents of Ohio. (Barnes Decl. ¶ 8.)

10. In addition, at all relevant times, including the time of filing this action, Michaels has *not* been a citizen of Ohio. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Michaels is a Delaware corporation (Moran Decl. ¶ 4), and Plaintiff agrees that Michaels "is a corporation organized under the laws of Delaware" (Compl. ¶ 2).

12. To identify the state of a corporation's principal place of business, the Supreme Court has announced the "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Under the "nerve center" test, the principal place of business is the state "where a corporation's officers direct, control, and coordinate the corporation's activities," which "should normally be the place where the corporation maintains its headquarters" and is a "single place." *Id.* at 1192–93.

13. Both currently and at the time this action was commenced, Michaels maintained its headquarters in Irving, Texas, and its executive officers, including the chief executive officer (once hired in 2013), chief administrative officer, chief financial officer, executive vice-presidents, and general counsel, maintain offices in the Dallas/Fort Worth, Texas metropolitan area. (Moran Decl. ¶ 5.) In addition, both currently and at the time this action was commenced, Michaels made and implemented company-wide operating, financial, employee relations, marketing, development, customer care, accounting, income tax, treasury, and legal policy decisions in its Texas headquarters and other Texas offices. (*Id.* ¶ 6.) Further, consistent with the above, Plaintiff has alleged that Michaels is "headquartered in Texas." (Compl. ¶ 2.) As such, because the executive and administrative functions of Michaels are concentrated in its Texas headquarters, Texas is the principal place of business of Michaels.

14. In sum, Defendant Michaels is a Delaware corporation with its principal place of business in Texas, and Plaintiff or at least one member of Plaintiff's putative class is a citizen of Ohio. Accordingly, diversity of citizenship is proper under 28 U.S.C. § 1332(d)(2).

15. **Amount in Controversy.** CAFA's third requirement, that the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs, *Id.* § 1332(d)(2), is met here as well. First, Plaintiff's purported disclaimer, on behalf of himself and the putative class members, of any recovery exceeding $5 million does not deprive this Court of CAFA jurisdiction. As noted, the U.S. Supreme Court recently held:

> Because [Plaintiff's] precertification stipulation does not bind anybody but himself, [Plaintiff] has not reduced the value of the putative class members' claims. For jurisdictional purposes, our inquiry is limited to examining the case 'as of the time it was filed in state court,' *Wisconsin Dept. of Corrections v. Schacht*, 542 U.S. 381, 390 (1998). At that point, [Plaintiff] lacked the authority to concede the amount-in-controversy issue for the absent class members. The Federal District Court, therefore, wrongfully

5

> concluded that [Plaintiff's] precertification stipulation could overcome its finding that the CAFA jurisdictional threshold has been met.

*Standard Fire*, 2013 WL 1104735, at *4 (vacating and remanding case to district court).

16. Accordingly, Plaintiff's precertification stipulation does not circumvent this Court's jurisdiction. *Id.*

17. Second, although Michaels denies that Plaintiff's claims have any merit, Michaels avers, for purposes of this Notice only, that if Plaintiff were to prevail on the claims asserted in this action and were to succeed in applying his theory of damages and his definition of the class period (both of which Michaels maintains are erroneous), the requested monetary recovery would exceed $5 million, disregarding Plaintiff's disclaimer of damages.

18. The crux of Plaintiff's claims is that Michaels allegedly continuously advertised framing services for 40% or more off its regular prices; because the frames were allegedly never actually sold at full price, the putative class was allegedly damaged by not truly receiving the advertised 40% discount. (Compl. ¶¶ 7–8.) Accordingly, Plaintiff has alleged and argued:

> Plaintiff's damages are equivalent to the advertised discount of 40% that he did not receive. In other words, the approximate $200 that Plaintiff paid for Defendant's frame was not 40% off the normal retail price of the frame—it was Defendant's regular price. Plaintiff should only have paid 60% of this amount, and, therefore is entitled to damages of at least approximately $80.

(Barnes Decl., Ex. B (Pl's Opp. to Mot. to Dismiss) at 2.)

19. Michaels received at least $20 million in revenue from sales of custom frames and/or custom framing services in its Ohio stores between 2008 and 2011 in which the price of those products and/or services was discounted. (Moran Decl. ¶ 7.) Were Plaintiff to prevail on his claims and to succeed in applying his theory of damages and his definition of the class period

(both of which Michaels maintains are erroneous), 40% of such revenue far exceeds the required aggregate amount in controversy of $5 million.

20. In sum, under Plaintiff's theory of damages, the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. Accordingly, the amount in controversy is proper under 28 U.S.C. § 1332(d)(2).

21. **Timeliness.** This Notice of Removal is timely. First, it has been filed less than one year after the commencement of the state court action, *id.* § 1446(c), which was filed by Plaintiff on April 30, 2012 (*see* Compl.). Second, it has been filed within thirty days of notice of the United States Supreme Court's ruling in *Standard Fire*, which was issued on March 19, 2013. *See* 28 U.S.C. § 1446(b)(3).

22. **Venue.** Venue is proper. The United States District Court for the Northern District of Ohio is the judicial district embracing the place where Case No. 12-CV-001097 was filed by Plaintiff in the Court of Common Pleas, Lake County, Ohio and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

23. **Other grounds.** There are no grounds that would justify this Court declining to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

24. **Notice to State Court.** Promptly after filing of this Notice of Removal, Michaels shall give written notice to Plaintiff's counsel of record and file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas, Lake County, Ohio pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached to the Declaration of Matthew D. Barnes as Exhibit E.

## CONCLUSION

WHEREFORE, Michaels respectfully requests that the action pending against it in the Court of Common Pleas, Lake County, Ohio, be removed to this Court.

Dated: April 12, 2013  Respectfully Submitted,

*[signature]*

Ezio A. Listati (#0046703)
 Email: EListati@tddlaw.com
Brandon D. R. Dynes (#0068246)
 Email: BDynes@tddlaw.com
Todd C. Hicks (#0063255)
 Email: THicks@tddlaw.com
THRASHER, DINSMORE & DOLAN, LPA
1400 W. 6th Street, Suite 400
Cleveland, Ohio 44113
Telephone: 216/255-5431


Timothy J. Rooney (*pro hac vice forthcoming*)
 Email: TRooney@winston.com
Norman K. Beck (*pro hac vice forthcoming*)
 Email: NBeck@winston.com
Matthew D. Barnes (*pro hac vice forthcoming*)
 Email: MBarnes@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: 312/558-5600

*Attorneys for Defendant Michaels Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Michaels Stores, Inc.'s Notice of Removal and all contemporaneously filed documents, including (1) the Declaration of Matthew D. Barnes, (2) the Declaration of Shana Moran, (3) Michaels Stores, Inc.'s Corporate Disclosure Statement, and (4) Michaels Stores, Inc.'s Additional Corporate Disclosure Statement, were sent via email and regular U.S. mail service on this, the 12th day of April, 2013, to:

Patrick J. Perotti, Esq.
Nicole T. Fiorelli, Esq.
Michael R. Rudick, Esq.
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077
pperotti@dworkenlaw.com
nfiorelli@dworkenlaw.com
mrudnick@dworkenlaw.com

*Attorneys for Plaintiff*

_____
Ezio A. Listati (#0046703)