UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
WILLIAM HENRY,                                  :        CASE NO. 1:13-CV-831
                                                :
                Plaintiff,                      :
                                                :
vs.                                             :        ORDER & OPINION
                                                :        [Resolving Doc. Nos. 7 & 8]
MICHAELS STORES, INC.,             :
                                                :
                Defendant.                      :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Plaintiff William Henry moves to remand this putative class action to state court.  Henry says

that the Defendant, Michaels Stores, Inc., failed to file its notice of removal in a timely manner.

Michaels Stores opposes the motion, saying that the case did not become removable until a recent

Supreme Court opinion.  For the following reasons, the Court GRANTS Plaintiff Henry's motion to

remand and DENIES AS MOOT Plaintiff Henry's motion to stay the case management conference.

I.  Background

        On April 30, 2012, Plaintiff Henry filed a putative class action complaint against Defendant

Michaels Stores, Inc., in the Lake County, Ohio, Court of Common Pleas.  Henry says that Michaels

Stores, a craft supplies retailer, violates Ohio law by advertising that its products are discounted, but

never actually giving the discount.  Therefore, Henry says,  Michaels Stores' claims of a "discount"

are false.  Henry alleges violations of the Ohio Consumer Sales Practices Act, Ohio Revised Code

Case No. 1:13-CV-831
Gwin, J.

§ 1345.01 *et seq*, breach of contract, unjust enrichment, and fraud.[1]  In his prayer for relief, Henry disclaimed damages over $5,000,000,[2] so as to preclude federal jurisdiction under the Class Action Fairness Act of 2005[3].

The parties litigated in state court for nearly a year.  On October 22, 2012, the Lake County Court of Common Pleas partially granted Michaels Stores' motion to dismiss the complaint.[4]  That Court dismissed Henry's breach of contract claim, but found that the other claims survived the motion to dismiss.[5]  On March 27, 2013, the state court granted Henry's motion to compel the production of requested discovery.[6]

On April 12, 2013, Michaels Stores filed its notice of removal in this Court.[7]  Michaels Stores says that a recent Supreme Court opinion, *Standard Fire Insurance Co. v. Knowles*, 133 S. Ct. 1345 (2013), held that a putative class action complaint's damages disclaimer does not work to preclude federal jurisdiction.[8]  Michaels Stores says that the decision, issued on March 19, 2013, made the Henry's complaint removable.  Henry now moves to remand the case to state court,[9] which Michaels Stores opposes[10].

---

[1]Doc. 1-1, at 9-11.

[2]*Id.* at 12.

[3]28 U.S.C § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action . . . .").

[4]Doc. 1-1, at 97.

[5]*Id.*

[6]*Id.* at 123.

[7]Doc. 1.

[8]*Id.*

[9]Doc. 7.

[10]Doc. 9.

Case No. 1:13-CV-831
Gwin, J.

## II.  Analysis

For a case to be removed to federal court, a defendant usually must file its notice of removal within thirty days of receiving a copy of the initial pleading.[11/]  If the initial pleading is not removable, however, a defendant may file a notice a notice of removal within thirty days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[12/]

Henry makes two arguments in support of his motion to remand.  First, he says, the case was removable at the time he filed his complaint.  That is, that relevant Sixth Circuit precedent allowed for a defendant to remove a case upon a demonstration that damages are more likely than not to meet § 1332(d)(2)'s amount in controversy requirement.  Thus, Defendant's earlier failure to remove barred subsequent removal.  Second, Henry says that even if the case was not immediately removable, an intervening Supreme Court opinion cannot make a previously unremovable case removable.  This Court addresses each argument in turn.

*A.  Removal under 28 U.S.C. § 1446(b)(1)*

Henry first says that Defendant's notice of removal was untimely because the thirty-day time limit set forth in 28 U.S.C. § 1446(b)(1) applies, as the case was removable upon filing.  Michaels Stores says that case law in the Sixth Circuit, at the time of filing, recognized the validity of damages disclaimers to avoid federal jurisdiction.  This is only half-right; any thorough reading of the relevant case law demonstrates that defendants could still remove a complaint with a damages disclaimer upon a showing that actual damages exceeded the amount in controversy requirement.

---

[11/]28 U.S.C. § 1446(b).
[12/]*Id.* at § 1446(b)(3).

Case No. 1:13-CV-831
Gwin, J.

In *Smith v. Nationwide Property and Casualty Insurance Co.*, 505 F.3d 401 (6th Cir. 2007), the Sixth Circuit, in a published opinion, affirmed a district court's remand of a putative class action. That Court stated that "[a] disclaimer in a complaint regarding the amount of recoverable damages does not preclude a defendant from removing the matter to federal court upon a demonstration that damages are more likely than not to meet the amount in controversy requirement . . . ."[13]  Remand in that case was warranted because the defendant could not show that total damages would likely exceed five million dollars.

Defendant then points this Court's attention to *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405 (6th Cir. 2008), another published case from the Sixth Circuit.  There, that Court stated that "[w]e recognize that plaintiffs can avoid removal under CAFA by limiting the damages they seek to amounts less than the CAFA thresholds."  But, to adopt Michaels Stores' interpretation of that statement would mean that *Freeman* abridged *Nationwide Property*, which, as a subsequent panel, it cannot do.[14]  Rather, the more appropriate reading of *Freeman* is simply a recognition of a plaintiff's right to bring causes of action worth less than the jurisdictional amount.  Indeed, *Freeman* makes no mention of damages disclaimers, lending support to this Court's position.

Finally, Defendant says that a recent Sixth Circuit order—and an unpublished one, at that—supports its position that it could not have removed Henry's complaint upon filing.  The case—*In re: Travelers Casualty and Surety Company of America*, No. 11-0311 (6th Cir. Jan. 27,

---

[13] 505 F.3d at 407 (quotations omitted).

[14] *See* 6th Cir. R. 32.1(b) ("Published panel opinions are binding on later panels.  A published opinion is overruled only by the court en banc.").

-4-

Case No. 1:13-CV-831
Gwin, J.

2012)—is, admittedly, ambiguous[15/]  In that case, the Sixth Circuit affirmed a district court's remand of a putative class action complaint that contained a damages disclaimer.  That Court, without citation, stated that "[o]ur decisions support the ruling that, under the appropriate circumstances, a plaintiff may limit the damages sought in a class action."[16/]  But, it went on to say that removal would be appropriate if the plaintiff were to file "an amended complaint or other pleading demonstrating a substantial likelihood or reasonable probability that she intends to seek damages in excess of the CAFA amount-in-controversy requirement."[17/]  But that this language does not require the absence of a damages disclaimer supports Henry's, and not Michaels Stores', position.  Regardless, that decision is binding only on the parties involved, and has no effect on prior published decisions like *Nationwide Property*.

Taken together, these cases demonstrate that a plaintiff could have avoided federal jurisdiction by way of a damages disclaimer, unless the defendant could show that it is probable that the actual amount in controversy exceeds the jurisdictional threshold.  This Court recognizes, however, that Defendant's argument is a colorable one, and courts generally require the availability of removal to be "unequivocal" for the statute to run.[18/]  It is therefore arguable (though wrong) to suggest that Defendant could not have removed the complaint upon filing.  But even if the case was

---

[15/]It is true that the district court's judgment affirmed in *Travelers Casualty* involved a similar set of facts as here; that is, a plaintiff included a damages disclaimer in order to avoid federal jurisdiction.  *See McClendon v. Challenge Fin. Investors Corp.*, 2011 WL 5361069 (N.D. Ohio Nov. 3, 2011).  But, Defendant's argument is that *Sixth Circuit* precedent, as opposed to other decisions from within this district, precluded removal.  As already explained, the relevant precedent in the Sixth Circuit at the time of filing allowed for removal if it was likelier than not that the amount in controversy threshold could be reached.  That the district court's recitation of the facts is similar to those at issue here is of limited moment.

[16/]*In re: Travelers Casualty and Surety Company of America*, No. 11-0311 (6th Cir. Jan. 27, 2012).

[17/]*Id.*

[18/]*See, e.g.*, *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002); *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir.1979).  While perhaps colorable, Defendant's reading of the cases, allowing for *Freeman* to abridge *Nationwide Property*, runs afoul of the requirement that prior panels decisions are binding on future panels.

-5-

Case No. 1:13-CV-831
Gwin, J.

not immediately removable upon filing, subsequent removal under § 1446(b)(3) would be improper, as an intervening Supreme Court case is not an "other paper" for purposes of the removal statute.

*B.  Removal under 28 U.S.C. § 1446(b)(3)*

Let us assume, *arguendo*, that removal under § 1446(b)(1) was not possible at the time of filing, because the Sixth Circuit did recognize, as Defendant insists, the validity of damages disclaimers.  Then, removal would be allowed when Defendant received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[19]  Defendant says that a recent Supreme Court decision is an "other paper" that makes the instant case removable.[20]  This Court, as with so many others,[21] does not agree.

First, the phrase "other paper" is informed by the words preceding it in § 1446(b)(3).  *Ejusdem generis*, a principle of statutory construction, provides that "where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words."[22]  The rule applies to "lists of specific items separated by commas and followed by a general or collective term," but not

---

[19] 28 U.S.C. § 1446(b)(3).

[20] The Court need not get into the substance of that opinion, *Standard Fire Insurance Co. v. Knowles*, 133 S. Ct. 1345 (2013).  Justice Breyer, penning the opinion for a unanimous Court, writes that "[t]he question presented concerns a class-action plaintiff who stipulates, prior to certification of the class, that he, and the class he seeks to represent, will not seek damages that exceed $5 million in total. Does that stipulation remove the case from CAFA's scope? In our view, it does not." *Id.* at 1347.

[21] As all parties agree, the vast majority of courts to have considered the issue have ruled that a court decision in an unrelated case does not constitute an "other paper" for purposes of § 1446(b)(3).  For such a listing of cases, see *Burns v. Prudential Sec.*, 450 F. Supp. 2d 808, 813-14 (N.D. Ohio 2006). *See also Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 266-67 (5th Cir. 2001).

[22] *United States v. Douglas*, 634 F.3d 852, 858 (6th Cir. 2011) (quoting *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 384-85 (2003)).

-6-

Case No. 1:13-CV-831
Gwin, J.

to disjunctive phrases comprising both specific and general categories.[23/]  The words "pleading, motion [and] order" plainly refer to documents within the instant case.  To say otherwise would allow removal based on, well, anything at all, running afoul of the rule that "statutes conferring removal jurisdiction are to be construed strictly" in favor of state court jurisdiction.[24/]  As such, the phrase "other paper" must share the prior terms' limiting characteristic, and therefore limited to documents in the instant case.  Another court's order—even the Supreme Court's—is outside these bounds.[25/]

Second, § 1446(b)(3) states that the tolled removal period accrues "after receipt by the defendant, through service or otherwise," of the document providing the grounds for removal.[26/]  To adopt Defendant's position that an intervening Supreme Court case is an "other paper" would render this phrase meaningless.  (Or lead to very strange results.  Would this Court need to inquire when Defendants became aware of the Supreme Court opinion?[27/]  Would constructive knowledge satisfy this requirement, or would only actual knowledge do?  Defendant is silent on these issues.)

---

[23/]*Id.* (citation and alterations omitted).

[24/]*Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

[25/]This Court's position is at odds with the Third Circuit's decision in *Doe v. American Red Cross*, 14 F.3d 196 (3d Cir. 1993).  In that case, the Red Cross sought to remove a number of state court suits to federal court on the ground that its charter conferred federal jurisdiction on suits brought against it.  The district court disagreed and remanded the cases to state court.  Thereafter, and while the state litigation was pending, the Supreme Court decided *American National Red Cross v. S.G.*, 505 U.S. 247 (1992), another case involving the Red Cross, and adopted the charter-conferring position.  The Red Cross then again sought to remove the state court cases to federal court, relying upon the decision in *S.G.*  The Third Circuit held that the *S.G.* decision constituted an "order" under § 1446(b)(3), even though it arose out of an entirely different case, but cabined its holding to situations where the same party is a defendant in both cases, where the cases involve similar factual situations, and where the order in question expressly authorizes removal.  The decision in *Doe* has not been adopted by the Sixth Circuit, but has been both adopted by other courts within this district.  *See Burns*, 450 F. Supp. 2d at 815 n.6; *Young v. Chubb Group of Ins. Cos.*, 295 F. Supp. 2d 805, 808 (N.D. Ohio 2003) ("A court decision in a different case that is sufficiently related to that currently at issue constitutes an order that triggers Section 1446(b) removability.") (citations and alterations omitted).  Regardless, even if *Doe*'s holding is correct, this Court's decision remains valid, as neither the facts nor defendants of *Standard Fire* are present in the instant case.

[26/]28 U.S.C. § 1446(b)(3).

[27/]*See, e.g.*, *Lovern v. GM*, 121 F.3d 160, 162 (4th Cir. 1997) ("Given this interpretation, we will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when.").

Case No. 1:13-CV-831
Gwin, J.

Plaintiff's interpretation of § 1446(b)(3) allows the phrase "receipt by the defendant" to have actual meaning.

Third, the legislative history supports Plaintiff's interpretation.  The House Report on the addition of (b)(3)'s language to § 1446 states that the language "is intended to make clear that the right of removal may be exercised at a later stage of the case if the initial pleading does not state a removable case but its removability is subsequently disclosed."[28/]  This language suggests, by use of the word "disclosure," that removability under § 1446(b)(3) would be triggered by the revealing of some fact—say, the dropping of a nondiverse party or a settlement demand in excess of the jurisdictional threshold.  It is a stretch to say that a Supreme Court opinion is "disclosed" or "revealed."

And fourth, Defendant's position allows for removal during the very latest stages of litigation in state court.  Section 1446(b) allows for two time periods for removal: directly after the initial pleadings are filed, or directly after some fact is revealed that would permit federal subject-matter jurisdiction.  The statute "was not intended to provide a Defendant with an escape route to federal court on the eve of a judgment in state court . . . ."[29/]  And, as another court within this district has noted, "[r]emoval is disfavored in the late stages of litigation."[30/]  The only document listed in § 1446(b)(3) from which any type of chronological inference could be drawn—the "amended pleading"—suggests that the tolled removal would occur fairly early on in the state court litigation. Yet, to allow the phrase "other papers" to encompass intervening Supreme Court opinions could

---

[28/] *Johansen v. Employee Ben. Claims, Inc.*, 668 F. Supp. 1294, 1296 (D. Minn. 1987) (quoting H.Rep. No. 352, 81 Cong. 1st Sess. (1949) *reprinted in* 1949 U.S. Code & Cong. Serv. at 1248, 1254, 1268).

[29/] *Gordon v. Buntrock*, 2005 WL 20377, at *3 (N.D. Ill. 2005).

[30/] *Burns*, 450 F. Supp. 2d at 811.

-8-

Case No. 1:13-CV-831
Gwin, J.

upend the state court litigation in its latest stages—after dispositive motions have been ruled upon

or even during a jury trial.  So doing would be a terrible waste of judicial resources.

### III.  Conclusion

Defendant Michaels Stores could have removed Plaintiff Henry's putative class action

complaint upon filing under 28 U.S.C. § 1446(b)(1).  The Sixth Circuit, at that time, allowed

defendants to remove actions upon a showing that the amount in controversy requirement is more

likely than not met.  But even if this were not so, subsequent removal under 28 U.S.C. § 1446(b)(3)

would be improper, as an intervening Supreme Court case does not meet the requirements of an

"other paper" as required by the removal statute.  Plaintiff's motion to remand is GRANTED and

Plaintiff's motion to stay the case management conference is DENIED AS MOOT.

IT IS SO ORDERED.


Dated: May 20, 2013                          s/          *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE